# NO. 11-40488

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § |
| | § |
| ORLANDO JESUS HALE | § |

## APPELLANT'S UNOPPOSED MOTION FOR PERMISSION TO FILE A BRIEF EXCEEDING THE WORD LIMIT SET FORTH IN FRAP 32(a)(7)(B)

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Appellate Procedure ("FRAP") 27 and 32 and this Court's Rules 27.1 and 32.4, Appellant ORLANDO JESUS HALE ("HALE") moves for permission to file a principal brief not to exceed 19,000 words. This request exceeds the 14,000-word limitation set forth in FRAP 32(a)(7)(B), but this case and HALE's appeal are sufficiently "extraordinary and compelling" (5th Cir. Loc. R. 32.4) to justify the additional length. A copy of the Appellant's brief accompanies this motion as an attachment or as a simultaneous pleading, as required under this Court's Rule 32.4. HALE acknowledges that an appellant's brief of 18,000 words is unusual, but as shown below and in the brief itself, this case is very unusual in many ways.

As explained below, the additional length for HALE's appellate brief is requested in part so that the many errors can be fully exposed and adequately explained, and so that HALE's right to fair treatment in the criminal justice system can be secured. But the first reason the additional length is requested is the sheer length and complexity of this criminal prosecution. The trial took place over a six day period.

Requiring additional length in the brief simply to set forth the record underlying the appellate issues. We submit that a detailed recitation of the record is necessary not only to permit

1

a full and fair presentation of HALE's appellate arguments (several of which, by definition, require a careful parsing of the evidentiary record to show that the alleged errors require reversal or other relief), but also to facilitate this Court's understanding of the lengthy and complicated record in this case.

Not only does HALE's appeal raise a number of serious legal issues, but each issue requires substantial analysis largely unique to the unusual circumstances of this case. Indeed, several of them could easily justify a full-length brief on their own.

For example HALE's challenge for dismissal with prejudice under the Speedy involves complicated analysis. Further challenges to the jury instructions also require substantial development because they largely address errors created by the unique complexities of the law and facts involved in this complicated business case. The challenge on sufficiency of the evidence on the 924(c) involved development of the record as well. Finally, issues challenging the sentencing require development.

HALE contends that crucial instructions were inaccurate or misleading because they did not give jurors the guidance needed to traverse the complicated legal, factual, and accounting terrain of this case. To demonstrate the prejudicial impact of those errors, the brief must explain the complexities of the facts and applicable law in some detail. Finally, the sheer number of demonstrable errors requires substantial space in the brief to fully and fairly address.

Although this appeal requires extensive briefing for the reasons discussed above, it is not unique in every respect. HALE is requesting 18,000 words to explain the record in the case and develop his legal arguments.

Undersigned counsel have made every effort, consistent with their duties both to their clients and to this Court, to present the important issues raised in this appeal as succinctly as possible. But the unusual number of serious errors involved, unavoidably requires briefing in

2

excess of the limit applicable in the usual appeal. Counsel submits that the proposed brief will not unduly burden the Court, but instead will affirmatively facilitate its review by providing a clear roadmap through the many factual and legal issues involved.

## CONCLUSION

For the foregoing reasons, the motion for leave to file an over length brief, not exceeding 18,000 words, should be granted.

DATED: October 6, 2011

Respectfully Submitted,

/s/ Roberto Balli
Roberto Balli
State Bar No. 00795235
P.O. Box 1058
LAREDO, TEXAS 78042-1058
Tel. (956)712-4999
Fax (956) 724-5830
Attorney for Defendant

## <u>CERTIFICATE OF CONFERENCE</u>

The Attorney of Record, Roberto Balli conferred with the Attorney for the Government, Ms. Renata Gowie, about the filing of this motion, who was not opposed to the relief requested.

/s/ Roberto Balli
Roberto Balli

## <u>CERTIFICATE OF SERVICE</u>

I undersigned, do hereby certify and attest that on the 6th day of October 2011, all parties in interest have received a true and correct copy of this Motion by electronic mail from the Clerk of Court.

/s/ Roberto Balli
Roberto Balli
